# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1108V**
(not to be published)

| | |
|---|---|
| GALEN L. STRONG, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Special Master Corcoran<br>Filed: August 20, 2018<br>Attorney's Fees and Costs. |

*Alexander Laufer*, Eisenhower & Laufer, P.C., Fairfax, VA, Petitioner

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent

**DECISION GRANTING-IN-PART MOTION FOR ATTORNEY'S FEES AND COSTS[1]**

On October 1, 2015, Galen L. Strong filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Strong alleges that he experienced Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") as the result of receiving an influenza ("flu") vaccine on September 19, 2012. Petition ("Pet.") (ECF No. 1) at 1. Petitioner filed a motion for judgment on the record on June 5, 2017. *See* Motion for Judgment on the Administrative Record, dated June 5, 2017 (ECF No. 38) ("Motion"). I issued my Decision denying entitlement on January 12, 2018. *Strong v. Sec'y of Health & Human Servs.*, No. 15-1108V, 2018 WL 1125666 (Fed. Cl. Spec. Mstr. Jan 12, 2018). Petitioner did not seek review of that Decision.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)). References to sections of the Act herein shall omit the statutory prefix.

Before me now is Petitioner's sole, final application for attorney's fees and costs. ECF No. 44 ("Fees App."). Petitioner requests a total of $43,120.91 (representing $28,500.00 in attorney's fees, and $12,800 for costs incurred) in compensation for the work of his counsel, Mr. Alexander Laufer. Fees App. at 2-3. Pursuant to General Order #9, Petitioner indicates he has personally incurred total costs of $1,820.91, reflecting a retainer paid to his expert, Dr. Marcel Kinsbourne, as well as various costs such as the filing fee for this case, obtaining medical records, and mailing documents. Fees App. Tab B at 2.

Respondent reacted to the motion on August 13, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for a final award of fees and costs. *See* Response (ECF No. 45) at 2. Respondent is otherwise satisfied that the statutory requirements for an award of attorney's fees and costs are met, and asks that I determine a reasonable award. *Id.* at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding attorney's fees and costs in the total amount of **$40,022.79**.

**ANALYSIS**

**I. An Award of Fees and Costs is Appropriate**

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis[3] through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Although Petitioner was not successful in pursuing his claim, I find that the matter had

[3]Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

sufficient reasonable basis to justify a final award of fees. I do not doubt that Mr. Strong brought his claim in a good-faith belief that his vaccinations played a causal role in his injuries. In addition, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not offered any argument that the claim lacked reasonable basis. Accordingly, an award of attorney's fees and costs is proper.

## II. Calculating Amount of Final Award

I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that I compensate his attorney, Mr. Laufer, at a flat rate of $375 per hour for all work performed from 2015-2018. Previously, Mr. Laufer has previously been compensated

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008); *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

for his work on Vaccine Program cases at a rate of $350 per hour. *See, e.g., Libby v. Sec'y of Health & Human Servs.*, No. 09-820V, 2014 WL 5866897 (Fed. Cl. Spec. Mstr. Oct. 21, 2014). This therefore appears to be the first time a special master has considered an increased rate for Mr. Laufer. Mr. Laufer is located in Fairfax, VA, a northern Virginia suburb in the Washington, DC metropolitan area. Other attorneys in northern Virginia been awarded forum rates in the Program. *See*, e.g., *Jaffri v. Sec'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407 (Fed. Cir. Spec. Mstr. Sept. 30, 2016); *Young v. Sec'y of Health & Human Servs.*, No. 05-207V, 2018 WL 2225057 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Cunningham v. Sec'y of Health & Human Servs.*, No. , 2017 WL 4323145 (Fed. Cl. Spec. Mstr. Sept. 1, 2017). Thus, Mr. Laufer should also be awarded forum rates. Additionally, Mr. Laufer has been practicing law for over 40 years, and although he has had only a handful of Vaccine Program cases, his degree of experience leads me to determine that the requested increase of an additional $25 an hour for all work performed on the case is reasonable. Accordingly, no adjustment to the requested rate is necessary.

The hours spent overall on this matter (76.0), however, require some adjustment. Counsel has divided his work log into four sections: time spent communicating with Petitioner (16 hours); time spent communicating with Petitioner's expert (12.7 hours); time spent reviewing docket entries and communicating with opposing counsel and the Court (5.3 hours); and time spent reviewing medical records and drafting and reviewing pleadings (42 hours) . Fees App. at 2-3.

Concerning time spent communicating with Petitioner, I find that some entries are impermissibly vague. For example, on 9/30/15, counsel spent 66 minutes exchanging "at least a dozen emails concerning affidavits and Petitioner," while on 10/01/15, counsel spent 60 minutes on "exchange of lengthy set of emails concerning execution of Documents and remaining gaps in medical record." Fees App Tab A at 3. Other entries refer to exchanging a "series" of e-mails. *Id.* at 2. Vague entries such as these do not allow me to fully ascertain the nature of the work that was being performed in furtherance of the case. An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez*, 2009 WL 2568468, at *8. Accordingly, I will reduce the time billed for communication with Petitioner by five percent to account for this vagueness, a reduction of **$300.00**.

I must also reduce the total time spent communicating with Petitioner's expert, Dr. Marcel Kinsbourne. Several entries are billed for more than the minimum amount of time (Mr. Laufer bills in 6 minute increments) despite the fact that the task involved only forwarding documents on to Dr. Kinsbourne. Fees App. Tab A at 6-8 (entries on 8/24/15, 9/7/15, 9/30/15, 6/01/16, 9/15/16, 3/15/17). I will therefore also reduce the time billed for communication with Dr. Kinsbourne by

five percent to account for this excessive billing, a reduction of **$238.12.**

I find the remainder of the time spent on this case to be reasonable, and Respondent has not identified any particular billing entries as objectionable. Accordingly, based on the rates determined and the aforementioned reductions, I will award Petitioner a total of **$27,961.88** in attorney's fees.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests that his expert, Dr. Marcel Kinsbourne, be compensated at a rate of $500 per hour for reviewing his medical records and preparing an expert report, a total of 27.6 hours. Fees App. Tab E. I have recently considered the hourly rate of Dr. Kinsbourne and found that $400.00 per hour is a more appropriate rate. *See Gowan v. Sec'y of Health & Human Servs.*, No. , 2018 WL 1835100, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2018); *L.M. v. Sec'y of Health & Human Servs.*, No. 14-714V, 2017 WL 5382907, at *5 (Fed. Cl. Spec. Mstr. Sept. 29, 2017); *Faro v. Sec'y of Health & Human Servs.*, No. 10-704V, 2015 WL 5654330, at *4 (Fed. Cl. Spec. Mstr. Oct. 15, 2014). Petitioner has not otherwise established grounds for increasing Dr. Kinsbourne's rate by $100 per hour.

In Vaccine Program cases, aspects of an expert's fees are often initially borne by counsel, with the expectation that they will likely be reimbursed for them later when filing a motion for attorney's fees and costs. Here, however, the record shows that Petitioner, rather than his counsel, paid Dr. Kinsbourne $1,000.00 as a retainer, and that amount covered two hours of work performed on his case. Fees App. Tab B at 2. Out of fairness to Petitioner, I will reimburse the full amount for the retainer. The remaining 25.6 hours billed by Dr. Kinsbourne for which payment is still outstanding, however, will only be compensated at $400.00 per hour, resulting in a reduction of **$2,560.00**, for a total expert costs payment of **$10,240.00**.

Concerning non-expert costs, Petitioner has stated that he has personally incurred costs in the total amount of $820.91. *Id.* at 3. These costs include the filing fee, delivery of documents via FedEx, and the cost of obtaining medical records. These costs all appear to be reasonable and will be compensated in full. Petitioner is therefore entitled to **$1,820.91** in costs (including the

$1,000.00 retainer paid to Dr. Kinsbourne).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of (a) **$38,201.88** (representing $27,961.88 in attorney's fees, plus and $10,240.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Alexander Laufer, Esq., and (b) **$1,820.91** as a lump sum in the form of a check payable to Petitioner for costs personally incurred in this matter. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.